Henry E. Murphy, Appellant, v. James Calvin Murphy et al., Appellees.

DEEDS: Construction—Nonvested Interest. No *present* equitable title vests in children and heirs, under a deed which charges the grantee with the duty (1) to rent and preserve and, if necessary, to sell or incumber the property, (2) to apply a named portion of the income to the support and education of grantors' minor child, (3) to pay the remaining income to grantors during their lifetime, and (4) on the death of grantors, to convey the property to grantors' children (without naming them) and to the heirs of such children as have predeceased grantors.

*Appeal from Lyon District Court.*—C. C. Bradley, Judge.

February 16, 1921.

Action in equity for the partition of real estate. Separate demurrers by defendants to plaintiff's petition were sustained. Plaintiff, electing of record to stand upon the ruling, and refusing to plead further, appeals.—*Affirmed.*

*Warren H. White, Riniker & Thomas,* and *Henry E. Murphy,* for appellant.

*Shull, Gill, Sammis & Stilwill, Fisher & Riter,* and *Jones, Muller & Conway,* for appellees.

Per Curiam.—Henry E. Murphy, appellant, is the surviving husband of Mary Ann Murphy, who died on or about November 26, 1902. He brings this action for the partition of the west 20 feet of Lots 21 to 24, Block 14, Rock Rapids, Iowa, alleging in his petition that his wife died seized of an equitable

interest therein, and that he is entitled to a distributive share, as her surviving husband. The defendants James Calvin Murphy and Anna May Murphy are the surviving children of appellant and his deceased wife, and the remaining defendants are the surviving children of James and Ann Mulhall, who were the parents of Mary Ann Murphy, both of whom are deceased. On July 28, 1894, James and Ann Mulhall conveyed the property above described to William Mulhall, trustee. The deed executed by them provides as follows:

"First. The said trustee is to have full power and authority to rent the said building upon said premises and to control the same and the lot upon which the building is situated and to pay all taxes assessed against the said property, making all repairs needed therein and keep the said building insured for the sum of $4,000 in some good reliable insurance company, and to pay all of said expenses incurred in the keeping of said building in repair, the payment of taxes, insuring the same and any other expenses incurred in the caring of said property out of the rents and income derived from the same.

"Second. To use one half of the net income from said property for the maintenance, support and education of Frances R. Mulhall, minor daughter of James and Ann Mulhall, until she becomes of age.

"Third. To pay over the other half of the net proceeds of the property to Ann Mulhall and after the said Frances R. Mulhall becomes of age, to pay over all of the net income of said property to the said Ann Mulhall during her lifetime.

"Fourth. And in case the income from the said property is not sufficient to pay the expenses, the trustee is authorized to pay as aforesaid, and to suitably maintain the said Ann Mulhall during her lifetime, then the said trustee may if in his judgment it is necessary sell or incumber the said property or so much thereof as in his judgment is necessary to properly maintain and support the said Ann Mulhall. * * *

"Eighth. It is further stipulated and agreed that in case the said Ann Mulhall dies before the said James Mulhall, that after the death of the said Ann Mulhall the said property shall be held by the said trustee and the income thereof paid to the said Ann Mulhall during her lifetime under the provision of

this trust deed shall be paid to the said James Mulhall during his lifetime, and upon the death of the said James Mulhall and Ann Mulhall the said property shall be conveyed by the trustee to the children of the said James Mulhall and Ann Mulhall to share and share alike in said property.

"And in case any of the said children die before the said James and Ann Mulhall, their heirs shall receive the interest that would have gone to the deceased child.

"And we hereby covenant with the said William Mulhall that we hold said premises by good and perfect title; that we have good right and lawful authority to sell and convey the same; that they are free and clear of all liens and incumbrances whatsoever, and that we hereby covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever, and the said Ann Mulhall hereby relinquishes her right of dower in and to the above-described premises."

Mary Ann Murphy died intestate, before the death of either of her parents. Unless she died seized of the equitable title to an undivided interest in the property in controversy, appellant has no interest therein, as her surviving husband.. *Murphy v. Murphy,* 190 Iowa 874.

The controlling question in this case is: Did Mary Ann Murphy become vested, during her lifetime, with the equitable title to an undivided one sixth of the property described above? It is the contention of appellant that such was the effect of the trust deed executed by James and Ann Mulhall to William Mulhall as trustee. By reference to the portions of this instrument quoted above, it will be found that William Mulhall, as trustee, is given full power and authority to rent the buildings on said premises, or to sell and convey the same; to pay the taxes, make necessary repairs, keep the buildings insured, collect the rents and income, and use one half of the net amount thereof for the maintenance, support, and education of a minor daughter of grantors', during her minority; to pay the remaining one half to Ann Mulhall so long as she should live; and, in the event she predeceased her husband, then to pay same to him, during the remainder of his life. The instrument further provides that, upon the death of grantors, the "property shall be conveyed by the trustee to the children of the said James Mulhall and Ann

Mulhall, to share and share alike in said property. And in case any of the said children die before the said James and Ann Mulhall, their heirs shall receive the interest that would have gone to the deceased child.''

It is difficult, in view of the foregoing clear and unequivocal provisions of the trust deed, to conceive upon what possible theory it can be successfully asserted that the children of grantors became vested, immediately upon the execution of the deed, with the equitable title to the property. Surely, there can be no mistaking the intention of James and Ann Mulhall. The conveyance of the property to William Mulhall, in trust, was coupled with the positive injunction that, upon the death of grantors, he convey the same to their surviving children; and, if one or more of said children be not then living, then such share as would have gone to such child or children, the trustee must convey to the heirs thereof.

Many authorities are cited by counsel for appellant to sustain familiar rules applicable to vested and contingent remainders, but they have no application to the case at bar. *Atchison v. Francis*, 182 Iowa 37, particularly relied upon, does not sustain appellant's position, nor, indeed, does it appear to be in point at all.

It will be observed that the trust deed does not designate the beneficiaries by name. They could not be definitely known until the death of James and Ann Mulhall. The duty of the trustee, clearly expressed, is to convey the property to their children then living, and to the heirs of a deceased child or children.

It is our conclusion, and we hold, that Mary Ann Murphy was not, at the time of her death, seized or possessed of an equitable title in an undivided interest in said property, and that appellant has no interest therein. In view of this holding we need not consider other questions argued by counsel for appellant. The judgment of the court below is—*Affirmed.*